IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CAROL AYANGBILE, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:24-CV-01075-N |
| | § | |
| CHILDREN'S HEALTH SERVICES | § | |
| OF TEXAS, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Defendant Children's Health Services of Texas's ("Children's Health") motion to compel discovery responses [18]. For the following reasons, the Court grants in part and denies in part Children's Health's motion.[1]

### I. ORIGINS OF THE DISPUTE

This is an employment discrimination case. Plaintiffs Carol Ayangbile and Cyril Ayangbile allege that Children's Health racially discriminated against and retaliated against them in violation of Title VII and 42 U.S.C. § 1981. Pls.' First Am. Compl. ¶¶ 91–129 [11]. Cyril also asserts that Children's Health intentionally interfered with his contractual relationship with the Allen Independent School District ("AISD") football team. *Id.* ¶¶ 130–45.

The parties have had ongoing communications regarding the Ayangbiles' productions in response to the Court's Initial Discovery Order and Children's Health's first

---

[1] The Court denies Children's Health's request for an expedited hearing.

set of discovery requests. *See* Def.'s Mot. Br. ¶¶ 4–19 [19]. The Ayangbiles have amended and supplemented their discovery responses, but the parties still dispute several issues. *Id.* ¶¶ 8, 10–11. Then, Children's Health deposed Carol on January 28, 2025, and Children's Health alleges that the Ayangbiles' attorney instructed her not to answer questions on several discoverable topics. *Id.* ¶ 23. Moreover, Carol mentioned that she possesses a number of relevant documents that the Ayangbiles have not produced. *Id.* ¶ 21. Children's Health now moves to compel complete responses to its first set of discovery requests and requests leave to reopen Carol's deposition to cover the topics Carol refused to answer.[2] *See generally id.*

## II. LEGAL STANDARD FOR DISCOVERY

Federal Rule of Civil Procedure 26 allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). A litigant may request the production of documents falling "within the scope of Rule 26(b)" from another party if the documents are in that party's "possession, custody, or control." FED. R. CIV. P. 34(a). A litigant may also serve on another party "a written request to admit . . . the truth of any matters within the scope of Rule 26(b)(1)" regarding the facts, application of law to facts, or opinions

---

[2] For purposes of this Order, the Court ignores the arguments Children's Health raised for the first time in its supplemental brief in support of its motion to compel discovery [25] and reply brief in support of its motion to compel [29]. *See Robles v. Eminent Med. Ctr., LLC*, 619 F. Supp. 3d 609, 626 (N.D. Tex. 2022) ("Arguments raised for the first time in a reply brief are generally waived, as the responding party is deprived of the opportunity to respond to the new argument." (internal citation and quotation marks omitted)). To the extent Children's Health still seeks to make the arguments raised for the first time in the supplemental brief and reply brief, it may do so in a separate motion.

MEMORANDUM OPINION AND ORDER – PAGE 2

about either.  FED. R. CIV. P. 36(a)(1).  Further, a litigant may serve interrogatories on

another party relating "to any matter than may be inquired into under Rule 26(b)."  FED. R.

CIV. P. 33(a)(2).  To enforce discovery rights, a "party seeking discovery may move for an

order compelling an answer, designation, production, or inspection."  FED. R. CIV.

P. 37(a)(3)(B).  The Fifth Circuit requires the party seeking to prevent discovery to specify

why the discovery is not relevant or show that it fails the proportionality requirements.

*McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.3d 1482, 1485 (5th Cir. 1990);

*see also Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 477 (N.D. Tex. 2005).

Courts construe relevance broadly, as a document need not, by itself, prove or

disprove a claim or defense or have strong probative force to be relevant.  *Samsung Elecs.*

*Am. Inc. v. Chung*, 321 F.R.D. 250, 280 (N.D. Tex. 2017).  A district court has wide

discretion to supervise discovery, however, and may limit discovery if it would be

unreasonably cumulative, could be obtained more easily from a different source, is not

proportional to the needs of the case, or if the burden or expense of proposed discovery

outweighs its potential benefit.  FED. R. CIV. P. 26(b)(2)(C); *see also Landry v. Air Line*

*Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 n.114 (5th Cir. 1990).

### III. THE COURT GRANTS IN PART AND DENIES IN
### PART CHILDREN'S HEALTH'S MOTION TO COMPEL

#### A.  Requests Regarding Authorization Forms

In Request for Production Nos. 41 and 42, Children's Health requests the

Ayangbiles execute and return an "Authorization for Release of Medical Records &

Information" and an "Authorization for Disclosure of Protected Health Information

Psychotherapy Notes Only." Def.'s Mot. App. 040–41 [20]. And in Request for Production Nos. 36–40, Children's Health requests the Ayangbiles execute a Texas Workforce Commission authorization form, Internal Revenue Service authorization form (Form 4506), Social Security Administration authorization forms (SSA-7050-F4 and SSA-3288), and an employment and educational records authorization form. Def.'s Mot. App. 037–40. Rule 34 is an appropriate vehicle to compel authorizations for release because such authorizations "compel parties to disclose documents that are within their control." *Equal Emp. Opportunity Comm'n v. L-3 Commc'ns Integrated Sys., LP*, 2018 WL 3548870, at *3 (N.D. Tex. 2018) (Godbey, J.) (citing *Mir v. L-3 Commc'ns Integrated Sys., L.P.*, 319 F.R.D. 220, 227, 229 (N.D. Tex. 2016)).

The Ayangbiles have not provided executed authorizations but state that they will "produce [the] authorizations upon execution of an agreement that will enable [them] to protect privileged information." Pls.' Resp. 11 [24]; *see also id.* at 7. The Court determines that the Ayangbiles have not shown that they are entitled to such an agreement; they do not explain how the information they seek to protect — medical conditions, financial information, bank account numbers, and social security numbers — is privileged. The Court thus orders the Ayangbiles to sign and deliver the authorizations at issue in Request for Production Nos. 36–42.

### B. Requests Regarding the Ayangbiles' Mental Health

Next, Children's Health seeks to compel the Ayangbiles to provide complete responses to the requests related to their mental health — Interrogatory No. 3 and Request for Production Nos. 11 and 58. Def.'s Mot. Br. 15–16. Because the Ayangbiles seek

MEMORANDUM OPINION AND ORDER – PAGE 4

damages for emotional pain and mental anguish, information related to their mental health is generally relevant and discoverable. *See Parker v. Bill Melton Trucking, Inc.*, 2017 WL 6520779, at *4 (N.D. Tex. 2017) ("While inquiry into Plaintiff's medical records requires incursion on some level of her privacy, Plaintiff may not now rely on such arguments to deny [Defendant] access to relevant information that she herself has made central to this case.").

First, the Ayangbiles produced a summary of client services created by Carol's mental health counselor. Def.'s Mot. App. 076–78. Children's Health argues that the Court should compel the Ayangbiles to produce "the counseling records underlying the summary." Def.'s Mot. Br. 16. The Ayangbiles respond that the summary is the format in which the counselor kept and provided the records. Pls.' Resp. 7. Accordingly, the Court finds that the summary of client services is sufficient.

Additionally, Children's Health asserts that at her deposition, Carol stated that she made written accounts relating to her treatment with the counselor. *See* Def.'s Mot. App. 137. Moreover, the Ayangbiles produced journal entries written by Carol in which she discusses her employment. Def.'s Mot. Br. 16. But the Ayangbiles redacted the parts of the journal entries making "references to Plaintiffs' financial status." Def.'s Mot. App. 080. The Ayangbiles provide no authority to show that these portions are privileged or should otherwise be redacted. The Court thus orders the Ayangbiles to produce Carol's

written accounts relating to her mental health treatment and to produce an unredacted version of Carol's journal entries in response to Request for Production Nos. 11 and 58.[3]

In Interrogatory No. 3, Children's Health seeks identification of the Ayangbiles' mental health providers; the dates of the appointments; the concerns or conditions discussed; the diagnosis, if any, received from the provider; the treatment prescribed; and the medical expenses incurred. Def.'s Mot. App. 052. The Ayangbiles identified Carol's mental health counselor's practice name but otherwise did not answer the interrogatory. *Id.* Because this information is relevant to the Ayangbiles' claims of emotional pain and mental anguish, the Court orders the Ayangbiles to provide a complete response to Interrogatory No. 3.

### C. Requests Regarding the Ayangbiles' Damages and Mitigation Efforts

Next, Children's Health seeks to compel the Ayangbiles to provide complete responses to the requests related to their mitigation efforts and damages — Interrogatory Nos. 2, 4, 5, and 6 and Request for Production Nos. 18, 54, 63, 65, and 66. Def.'s Mot. Br. 16–17.

In Interrogatory No. 2 and Request for Production Nos. 18 and 54, Children's Health seeks information about "each element of damages that [the Ayangbiles] are claiming," including "the factual basis for each item of damages; the amount claimed for each; and an explanation of how each amount was calculated." Def.'s Mot. App. 18, 26, 51. The

---

[3] In Request for Production Nos. 11 and 58, Children's Health seeks documents evidencing the Ayangbiles' emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life, including documents relating to medical, psychological, or emotional treatment, counseling, or care. Def.'s Mot. App. 028.

MEMORANDUM OPINION AND ORDER – PAGE 6

Ayangbiles object on the basis that these requests seek "the premature disclosure of expert witness materials in violation of the applicable scheduling order."  *Id.*  The Court overrules this objection and orders the Ayangbiles to fully respond to Interrogatory No. 2 and Request for Production Nos. 18 and 54.  To the extent expert witness materials change their responses, the Ayangbiles may amend or supplement their responses at that time.

Additionally, in Interrogatory No. 5 and Request for Production Nos. 63, 65, and 66, Children's Health seeks information relating to the Ayangbiles' sources of income, including their tax documents.  Def.'s Mot. App. 029–30, 054.  As an initial matter, the Ayangbiles object to producing information reflecting income other than earned income as irrelevant and invading their privacy.  *See id.*  The Court overrules this objection; income other than earned income is relevant and does not unduly invade the Ayangbiles' privacy. *See Vaughn v. Solera Holdings LLC*, 2024 WL 4093179, at *3 (N.D. Tex. 2024) (Godbey, J.) ("Sources of income or financial support from sources other than employment earnings are an appropriate area of inquiry in employment discrimination cases." (citing *Gondola v. USMD PPM, LLC*, 223 F. Supp. 3d 575, 583–84 (N.D. Tex. 2016))).  Further, the Ayangbiles' counsel stated that their "2024 tax returns have not been filed, but when they are, we will supplement."  Def.'s Mot. App. 074.  Even if the tax returns have not been filed, the Ayangbiles possess the documents underlying the tax returns and must produce those documents now.  They can supplement their production with the 2024 tax returns once they are complete.  Accordingly, the Court orders the Ayangbiles to supplement their responses to Interrogatory No. 5 and Request for Production Nos. 63, 65, and 66.

Then, in Interrogatory Nos. 4 and 6, Children's Health seeks information regarding the Ayangbiles' employment history and efforts to gain employment from ten years prior to their employment at Children's Health to the present. Def.'s Mot. App. 052, 054, 062–63. In response to Interrogatory No. 4, Cyril stated he would "provide a written appraisal of economic loss prepared by an expert witness, at the time set forth in the applicable scheduling order(s)," and he objected to Interrogatory No. 6 as cumulative and overly burdensome. *Id.* at 062–63. Regarding Interrogatory No. 4, the Court orders Cyril to respond to this request now because describing his employment history does not require information from an expert witness. To the extent expert witness materials change his response, Cyril may amend or supplement his response at that time. Additionally, because the Court finds that Interrogatory No. 6 is not cumulative, the Court overrules this objection. The Court also overrules the burdensome objection to Interrogatory No. 6. To succeed on such an objection, the Ayangbiles must make specific arguments, supported by evidence, that show why the request would impose a burden and why that burden is out of proportion to the needs of the case. *See* FED. R. CIV. P. 34(b)(2)(B) (requiring that objections must "state with specificity the grounds for objecting to the request, including the reasons"); *see also Alt Platform, Inc. v. Beckett Collectibles, LLC*, 2025 WL 836049, at *3 (N.D. Tex. 2025) (Godbey, J.). The Ayangbiles did not do so here.

Further, at her deposition, Carol stated that after her termination, she obtained life-coaching and business-consulting certifications and became involved with LionHead Real Estate Design — a company she and Cyril founded. *See* Def.'s Mot. App. 095–98, 137–38. Accordingly, the Court orders Carol to supplement her responses to Interrogatory Nos.

MEMORANDUM OPINION AND ORDER – PAGE 8

4 and 6 to include descriptions of these business activities and to supplement her response to Request for Production No. 65 with responsive documents related to such activities.

### D. Requests Regarding Cyril's Contract with Allen ISD

Next, in Interrogatory No. 18 and Request for Production Nos. 56 and 57, Children's Health seeks information related to Cyril's intentional interference with a contract claim. *See* Def.'s Mot. App. 026–27, 068–69. Specifically, Interrogatory No. 18 seeks specification of the parties to the contract, the contractual terms, and the obligations of the contract. *Id.* at 068–69. Children's Health seeks to compel Cyril to supplement his response by adding the beginning date of the contract, renewal or expiration information, compensation, or other consideration-related information. Def.'s Mot. Br. 13. The Court agrees that this information is relevant to Cyril's contractual interference claim and thus orders Cyril to supplement his response to Interrogatory No. 18 as requested. Moreover, in Request for Production Nos. 56 and 57, Children's Health seeks documents evidencing the Ayangbiles' knowledge of the contract and how Carol would have benefited from the contract. *See* Def.'s Mot. App. 026–27. The Ayangbiles responded that they would produce nonprivileged documents that are responsive to these requests. *Id.* However, the Ayangbiles produced an audio recording of a call between Cyril and an Allen ISD employee in which they referenced email communications precipitating the conversation, and the Ayangbiles have not produced all of those communications. Def.'s Mot. Br. 19. Accordingly, the Court orders the Ayangbiles to produce all of the email communications referenced in the audio recording.

MEMORANDUM OPINION AND ORDER – PAGE 9

### E. *Requests Regarding the Ayangbiles' Emails, Messages, and Social Media*

In Interrogatory No. 11 and Request for Production Nos. 43 and 44, Children's Health seeks information related to the Ayangbiles' email, messaging, and social media use. Def.'s Mot. App. 024–25, 056–57. Social media information is usually discoverable. *See McGowan v. S. Methodist Univ.*, 2020 WL 2199189, at *2 (N.D. Tex. 2020) (Godbey, J.) (citing *Gondola*, 223 F. Supp. 3d at 591).

Specifically, Interrogatory No. 11 asks the Ayangbiles to identify the email, social media, text messaging, and other web-based platforms they have used to discuss the subject matter of their allegations. *See* Def.'s Mot. App. 056–57. The Ayangbiles object to this request as unduly burdensome. *Id.* at 057. The Court overrules the burdensome objection as the Ayangbiles did not make specific arguments, supported by evidence, showing why the request would impose a burden and why that burden is out of proportion to the needs of the case. Thus, the Ayangbiles must provide a complete response to Interrogatory No. 11.

Then, in Request for Production No. 43, Children's Health requests copies of each social media post the Ayangbiles made, or that another person made to their social media pages, on all social media sites since January 1, 2017. Def.'s Mot. App. 041–42. The Ayangbiles object to this request as overly broad because it "includes postings regardless of whether they contain any information relevant to Children's Health or the allegations of the complaint" and "it begins before the allegations of the complaint." *Id.* They then state that they will "produce responsive documents involving the subject matter of this litigation, Children's Health, healthcare inequity, or relevant to damages claimed, for the time period

MEMORANDUM OPINION AND ORDER – PAGE 10

commencing with [their] employment with Children's Health." *Id.* The Court determines that the Ayangbiles' social media information is discoverable, but Children's Health is not entitled to unlimited access to Plaintiffs' social media accounts. Thus, to the extent that the Ayangbiles have yet to do so, the Court orders them to produce posts since February 28, 2022 — when Carol began working at Children's Health — relating to the allegations in the complaint.

Further, in the disputed portion of Request for Production No. 44, Children's Health requests copies of the Ayangbiles' "e-mails, e-mail forwards, replies to emails, instant messages, chat room posts, web log/blog entries, or comments" relating to their claims or damages. Def.'s Mot. App. 042. The Ayangbiles state that this request is not specific, and "it is difficult to know the types of documents sought." *Id.* at 043. Then, they state that to "the extent this request is understood, [they] will produce e-mails and comments on social media that relate to the damages claimed (whether such comments support or refute the claims). With regard to chat room posts, and blog entries, after a diligent search no items responsive to this request have been identified that are within [their] possession, custody, or control." *Id.* Children's Health does not specify in its motion what else it seeks in response to this request. Accordingly, the Court finds that the Ayangbiles' response is sufficient and thus denies the motion to compel an additional response to Request for Production No. 44.

### F. Requests Regarding Communications about the Allegations

In Request for Production No. 15, Children's Health requests all communications "between or among [the Ayangbiles] and any other person . . . in which [Children's

Health] . . . is mentioned, and in which the subject matter of [the] claims is mentioned." *See* Def.'s Mot. App. 016.  The Ayangbiles state that they have produced nonprivileged documents responsive to this request and are "open to engaging in eDiscovery so the complete information from electronic devices can be retrieved."  Pls.' Resp. 11.  However, at Carol's deposition, Carol stated that she had taken screenshots of text messages on the phone issued to her by Children's Health around the time of her termination but had not produced these documents.  Def.'s Mot. Br. 2, 8; *see also* Def.'s Mot. App. 113–14.  The Court thus orders the Ayangbiles to produce the screenshots of the text messages from Carol's Children's Health-issued phone.  Moreover, Carol produced a chain of text messages — portions of which are redacted — from her personal phone with her former coworker at Children's Health, Tobi Tajomavwo.  *See* Def.'s Mot. App. 124–35.  In the messages, Carol and Tajomavwo mention Children's Health, Carol's mental health treatment, and Carol's business-consulting and life-coaching businesses.  *See id.*  The Ayangbiles state that the redactions "involve [Tajomavwo's] statements about her own mental health and experiences."  Pls.' Resp. 12.  However, the Ayangbiles provide no authority to show that these statements are privileged or should otherwise be redacted.  Accordingly, the Court orders the Ayangbiles to produce an unredacted version of the conversation.[4]

---

[4] Children's Health identified these documents as being responsive to both Request for Production No. 15 and No. 24.  *See* Def.'s Mot. Br. 19–20.  Because the Court is compelling production of these documents in response to Request for Production No. 15, and Children's Health does not identify additional documents it seeks in response to Request for Production No. 24, the Court denies the motion to compel an additional response to Request for Production No. 24.

MEMORANDUM OPINION AND ORDER – PAGE 12

Additionally, in Interrogatory No. 16, Children's Health asks the Ayangbiles to identify each person they have communicated with regarding the allegations in the complaint, "and state the date of the communication, the substance of the communication, and identify any documents that relate to such communication."  Def.'s Mot. App. 058. The Ayangbiles object to this request as "overbroad, unduly burdensome, and seek[ing] information that is neither relevant to the subject matter of this action nor proportional to the needs of the case" because it "appears to call for discussions with [people] who have no information about Children's Health or the case."  *Id.* at 059–60.  The Ayangbiles "have listed persons with relevant information in their disclosures, but resist discovery on the creation of an itemized log of all communications" regarding their allegations.  Pls.' Resp. 9–10.  Having considered the parties' arguments, the Court orders the Ayangbiles to amend their response to Interrogatory No. 16 to include a list of the names only of people they have spoken with about the allegations in the complaint.

### G. *Request for Attorney Fee Agreement*

Request for Production No. 19 seeks any "agreement between [the Ayangbiles] and any attorney evidencing [their] obligation, if any, to pay attorneys' fees and/or court costs and/or litigation expenses."  Def.'s Mot. App. 018.  The Ayangbiles object to this as "irrelevant and not reasonably calculated to lead to the discovery of admissible evidence" and are withholding a retainer agreement on attorney-client privilege and work-product doctrine grounds.  *Id.*  As an initial matter, the Court finds that the retainer agreement is relevant because the Ayangbiles seek attorney's fees and costs.  *See* Pls.' First Am. Compl. ¶ 150; *see also Samsung Elecs.*, 321 F.R.D. at 280 ("Courts construe relevance

MEMORANDUM OPINION AND ORDER – PAGE 13

broadly, as a document need not, by itself, prove or disprove a claim or defense or have strong probative force to be relevant."). Moreover, the "Fifth Circuit has 'long recognized the general rule that matters involving the payment of attorney's fees are not generally privileged.'" *Jeanbaptiste v. Wells Fargo Bank, N.A.*, 2014 WL 6790737, at *3 (N.D. Tex. 2014) (quoting *In re Grand Jury Subpoena*, 913 F.2d 1118, 1123 (5th Cir. 1990)) (cleaned up). And only "when attorney's fees invoices contain 'confidential' client information may a privilege be invoked." *Id.* (internal citation omitted). Here, the Ayangbiles fail to demonstrate that the attorney-client privilege or work-product doctrine applies to the retainer agreement at issue. Accordingly, the Court grants Children's Health's motion to compel the Ayangbiles to produce the agreement in response to Request for Production No. 19.

### H.  *Verifications of Interrogatory Responses*

Children's Health asks the Court to compel the Ayangbiles "to produce a properly signed verification for their respective interrogatory responses." Def.'s Mot. Br. 21–22. In a deficiency letter, Children's Health explained that it seeks specification of which set of interrogatory answers the verifications pertain to and the date on which the verifications were signed. *See* Def.'s Mot. App. 138. The Ayangbiles respond that they "have produced discovery verifications, but [Children's Health] objects to the form of the verification." Pls.' Resp. 10. The parties did not include the Ayangbiles' verifications in the record, so the Court cannot determine whether the verifications are deficient. Accordingly, the Court denies Children's Health's request.

MEMORANDUM OPINION AND ORDER – PAGE 14

### I. *Carol's Deposition*

Children's Health also requests that the Court reopen Carol's deposition for three hours to cover the deposition topics Carol refused to answer. Def.'s Mot. Br. 22. At her deposition, Carol refused to answer questions about her mitigation efforts, such as her sources of income, her involvement with LionHead Real Estate Design, and her involvement with other businesses. *See* Def.'s Mot. App. 097–98, 101–03, 106–07, 115. Because Carol did not answer several questions regarding mitigation, the Court grants Children's Health three additional hours to depose Carol on this topic.

## IV. THE COURT DENIES CHILDREN'S HEALTH'S REQUEST FOR ATTORNEY'S FEES

Children's Health also moves for the imposition of discovery sanctions. Def.'s Mot. Br. 15. Courts may award sanctions under Federal Rule of Civil Procedure 37 for failure to comply with discovery obligations. Rule 37(a)(5)(A) requires courts to grant a request for reasonable expenses incurred in making a successful motion to compel, except courts must not grant expenses where the movant prematurely sought judicial intervention, the opposing party's objections were "substantially justified," or an award of expenses is unjust. FED. R. CIV. P. 37(a)(5)(A). If the motion is granted in part and denied in part, the court may apportion expenses for the motion at its discretion. FED. R. CIV. P. 37(a)(5)(C). A court may also enter sanctions pursuant to its inherent powers, under which it has "the inherent authority to impose sanctions in order to control the litigation before it." *Positive Software Sols., Inc. v. New Century Mortg. Corp.*, 619 F.3d 458, 460 (5th Cir. 2010) (internal citation and quotation marks omitted). When considering whether to impose discovery sanctions, courts consider "(1) the reasons why the disclosure was not made; (2)

MEMORANDUM OPINION AND ORDER – PAGE 15

the amount of prejudice to the opposing party; (3) the feasibility of curing such prejudice with a continuance of the trial; and (4) any other relevant circumstances." *United States v. Garza*, 448 F.3d 294, 299–300 (5th Cir. 2006).

Considering all the circumstances and the broad nature of the discovery requests and objections at issue here, the Court concludes that an award of sanctions would not serve the interests of justice. The record does not disclose evidence that the Ayangbiles destroyed evidence or acted in bad faith in objecting to Children's Health's discovery requests. Any documents or information not produced was done so based on the Ayangbiles' good-faith objections to the requests. And there is no indication of prejudice to Children's Health here (or a need to cure any such prejudice with a continuance). Accordingly, the Court declines to award discovery sanctions at this juncture.

## CONCLUSION

The Court grants in part and denies in part Children's Health's motion to compel. First, the Court denies the motion to compel responses to Request for Production Nos. 24 and 44. Then, the Court grants the motion to compel responses to Interrogatory Nos. 2–6, 11, 16, and 18 and Request for Production Nos. 11, 15, 18, 19, 36–43, 54, 56–58, 63, 65, and 66 and orders the Ayangbiles to amend their responses to these requests within thirty (30) days of this Order. Moreover, the Court grants Children's Health three (3) additional hours to depose Carol on the topic of mitigation. Lastly, the Court denies Children's Health's request for sanctions.

MEMORANDUM OPINION AND ORDER – PAGE 16

Signed April 22, 2025.

_____
David C. Godbey
Chief United States District Judge