IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CAROL AYANGBILE, *et al.*, § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | Civil Action No. 3:24-CV-01075-N |
| § | |
| CHILDREN'S HEALTH SERVICES § | |
| OF TEXAS, § | |
| § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Defendant Children's Health Services of Texas's ("Children's Health") motion to compel discovery from nonparty Dr. Jada Jackson, motion for sanctions, and request for attorney's fees [33]. For the following reasons, the Court grants Children's Health's motion.[1]

### I. ORIGINS OF THE DISPUTE

This is an employment discrimination case. Plaintiffs Carol Ayangbile and Cyril Ayangbile allege that Children's Health racially discriminated against and retaliated against them in violation of Title VII and 42 U.S.C. § 1981. Pls.' First Am. Compl. ¶¶ 91–129 [11]. Cyril also asserts that Children's Health intentionally interfered with his contractual relationship with the Allen Independent School District football team. *Id.* ¶¶ 130–45.

---

[1] The Court denies Children's Health's request for an expedited hearing.

MEMORANDUM OPINION AND ORDER – PAGE 1

The parties have had an ongoing discovery dispute regarding Carol's mental health records. The Court previously granted in part and denied in part Children's Health's first motion to compel discovery responses. *See generally* Mem. Op. & Order (Apr. 22, 2025) [37]. Among other things, the Court ordered Carol to execute and produce an authorization for the release of her medical records. *Id.* at 3–4. Carol has not done so. Def.'s Reply 2 n.2 [44]. Moreover, in the first motion to compel, Children's Health sought to compel production from the Ayangbiles of "the counseling records underlying the summary" of client services created by Carol's mental health provider, Dr. Jada Jackson. Mem. Op. & Order 5. The Ayangbiles represented to the Court that the summary was the format in which Dr. Jackson kept and provided the records. *Id.* Based on this representation, the Court found that production of the summary of client services was sufficient and denied the motion to compel production of additional counseling records. *Id.*

In March 2025, Children's Health served Dr. Jackson with a subpoena ordering her to appear for a deposition on April 10 and to bring all documents related to her counseling or coaching of Carol from January 1, 2020, to the present (the "Subpoena"). Def.'s App. 006 [35]. On April 10, before the deposition started, Jamie Ashton — counsel for Children's Health — asked Dr. Jackson for the documents listed in the Subpoena. Def.'s Mot. Br. ¶ 14 [34]. Dr. Jackson stated that she did not bring the documents because Sarah Tomiyo Stoner — counsel for the Ayangbiles — told her it was not necessary to do so because Children's Health already possessed the summary of client services. *Id.* During Dr. Jackson's deposition, Ashton asked Dr. Jackson if she possessed records pertaining to Carol's counseling. Def.'s App. 021–22. Dr. Jackson responded that she did possess such

MEMORANDUM OPINION AND ORDER – PAGE 2

records, but she did not bring the records to the deposition because "as a therapist, the notes belong to me and I sent you the summary." *Id.* at 022. Ashton responded, "I'm trying to figure out . . . if [the counseling records] exist at all, which sounds like they do; is that correct?" *Id.* Stoner interjected,

> Objection; form. I – honestly, Jamie, if you want to get her to testify as to what records she keeps on, I think she deserves to have an attorney represent her because I feel like this is going down the path of setting her up for some sort of action. I don't know.

*Id.* at 022–23. Ashton explained that Children's Health "has no interest in taking action against Dr. Jackson" and that she asked the questions about recordkeeping to figure out why the counseling records have not been produced. *Id.* at 023. Dr. Jackson then said,

> Okay. I'm not doing this anymore. How about that?
>
> And I will get my attorney. And with that being said, I'm not doing this anymore because I have no idea what you-all are doing here. But I am not doing this anymore and I will call my attorney.

*Id.* at 023.

Dr. Jackson left the deposition immediately after that. *Id.* at 024. Later that day, Children's Health served letter correspondence to Dr. Jackson asking her to produce the documents sought in the Subpoena and to schedule a time to complete her deposition. Def.'s Mot. Br. ¶ 18; *see also* Def.'s App. 071–72. The parties and Dr. Jackson have since scheduled the remainder of her deposition.[2]  *See* Def.'s Reply 2; Def.'s Status Report

---

[2] In its motion, Children's Health asks the Court to compel Dr. Jackson to complete her deposition. Def.'s Mot. Br. 14. Because Children's Health stated in its reply brief and status report that the parties and Dr. Jackson have scheduled the remainder of her deposition, the Court denies this request as moot.

MEMORANDUM OPINION AND ORDER – PAGE 3

¶ 11 [53].  Dr. Jackson has also produced counseling intake forms, counseling notes with redactions, and seven invoices, although she has not produced "electronic communications, appointment records, referrals, payment receipts, training records pertaining to Dr. Jackson's coaching or training of Plaintiff Carol, or any documents provided to Dr. Jackson by Plaintiff Carol or her agents."  Def.'s Status Report ¶ 7.  Dr. Jackson's attorney stated that the redactions in the counseling notes are needed because parts of the notes involve another person.  *Id.* ¶ 9.  Children's Health now moves to compel production of the documents responsive to the Subpoena that Dr. Jackson has not produced and requests an award of reasonable expenses incurred in preparing this motion to compel.  Def.'s Mot. Br. 14–15; *see also* Def.'s Reply 5–6.  It also asks the Court to instruct Stoner to (1) "desist from any speaking objections in any deposition for the remainder of this case," and (2) "inform Dr. Jada Jackson in writing that she does not represent Dr. Jackson in this matter and is not disinterested in Dr. Jackson's discovery actions."  Def.'s Mot. Br. 14–15.

## II.  RULE 45 LEGAL STANDARD

Under Rule 45 of the Federal Rules of Civil Procedure, a subpoena must identify the lawsuit and the issuing court, set out the text of Rule 45(d) and (e), and "command each person to whom it is directed" to take one of several actions at a specified time and place.  FED. R. CIV. P. 45(a)(1).  A subpoena can command a person to "produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control."  *Id.*  Written objections to a subpoena must be served "before the earlier of the time specified for compliance or 14 days after the subpoena is served."  FED. R. CIV. P. 45(d)(2)(B).  Timely serving written objections suspends the

nonparty's obligation to comply with a subpoena pending a court order. FED. R. CIV. P. 45(d)(2)(B)(ii); *Am. Fed'n of Musicians of the U.S. & Can. v. Skodam Films, LLC*, 313 F.R.D. 39, 44 (N.D. Tex. 2015). "If an objection is made . . . [a]t any time, on notice to the commanded person, the serving party may move the court . . . for an order compelling production or inspection." FED. R. CIV. P. 45(d)(2)(B).

### III. THE COURT GRANTS CHILDREN'S HEALTH'S MOTION TO COMPEL

In the Subpoena served on Dr. Jackson on March 20, 2025, Children's Health commanded that Dr. Jackson produce all "counseling records, notes, audio recordings, billing records, payment records, appointment records, referrals, insurance records, electronic communications, and training records pertaining to" her "consultation, examination, treatment, care, counseling, coaching or training" of Carol from January 1, 2020, to the present. Def.'s App. 006. Dr. Jackson did not serve a written objection to producing the documents listed in the Subpoena. As the Court previously noted, because "the Ayangbiles seek damages for emotional pain and mental anguish, information related to their mental health is generally relevant and discoverable." Mem. Op. & Order 4–5.

Dr. Jackson has produced some documents responsive to this Subpoena but has not produced "electronic communications, appointment records, referrals, payment receipts, training records pertaining to Dr. Jackson's coaching or training of Plaintiff Carol, or any documents provided to Dr. Jackson by Plaintiff Carol or her agents." Def.'s Status Report ¶ 7. The Court finds that these documents are responsive to the Subpoena and relevant to the Ayangbiles' claims and thus orders Dr. Jackson to produce these documents.

MEMORANDUM OPINION AND ORDER – PAGE 5

Moreover, Dr. Jackson produced counseling notes in which she redacted portions of the notes involving an individual other than Carol. Def.'s Status Report App. 041–42 [54]. Dr. Jackson claims that section 611.0045(g) of the Texas Health and Safety Code requires these redactions. *Id.* Section 611.0045(g) states,

> A professional shall delete confidential information about another person who has not consented to the release, but may not delete information relating to the patient that another person has provided, the identity of the person responsible for that information, or the identity of any person who provided information that resulted in the patient's commitment.

TEX. HEALTH & SAFETY CODE § 611.0045(g). The Court determines that this provision does not require redaction of the names of other individuals Carol mentioned to Dr. Jackson during Carol's counseling sessions but does require redaction of communications between another patient and Dr. Jackson during the other patient's counseling sessions. *Holmes v. N. Tex. Health Care Laundry Coop. Ass'n*, 2016 WL 6277807, at *6 (N.D. Tex. 2016). Accordingly, to the extent that the redacted portions of the counseling notes are notes Dr. Jackson made during Carol's counseling sessions, Dr. Jackson must produce unredacted versions of those notes. However, to the extent that the redacted portions are notes Dr. Jackson made during another patient's counseling sessions, the Court does not require Dr. Jackson to produce unredacted versions of those notes.

### IV. THE COURT GRANTS CHILDREN'S HEALTH'S REQUEST FOR DEPOSITION-RELATED SANCTIONS

Children's Health also requests that the Court instruct Stoner to (1) "desist from any speaking objections in any deposition for the remainder of this case," and (2) inform

Dr. Jackson "that she does not represent Dr. Jackson in this matter and is not disinterested in Dr. Jackson's discovery actions." Def.'s Mot. Br. 14–15.

Federal Rule of Civil Procedure 30(c)(2) provides that an objection during a deposition "must be stated concisely in a nonargumentative and nonsuggestive manner." FED. R. CIV. P. 30(c)(2). Moreover, deposition "testimony is taken subject to any objection. . . . A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." *Id.* Additionally, the "court may impose an appropriate sanction — including the reasonable expenses and attorney's fees incurred by any party — on a person who impedes, delays, or frustrates the fair examination of the deponent." FED. R. CIV. P. 30(d)(2).

Here, Stoner lodged a speaking objection during Dr. Jackson's deposition that was so inflammatory as to cause the deponent to leave the deposition prematurely. This inappropriate speaking objection frustrated the fair examination of Dr. Jackson.[3] The Court thus orders Stoner to not make speaking objections at depositions in this case and to not instruct deponents not to answer questions unless a situation listed in Rule 30(c)(2) applies. *See VirnetX Inc. v. Cisco Sys., Inc.*, 2012 WL 7997962, at *3–4 (E.D. Tex. 2012) (imposing sanctions when counsel terminated a deposition because counsel merely disagreed with a

---

[3] Stoner also made unwarranted speaking objections during Carol's and Cyril's depositions. *See, e.g.*, Def.'s App. 031 ("Objection, vague as to time."); 032 ("Objection. Calls for legal conclusion. Calls for speculation."); 033 ("I'm going to instruct my client not to answer about her assets."); 063 ("Yeah, I'm going to object to this line of questioning. It's going to assets, which we're not talking about today.").

MEMORANDUM OPINION AND ORDER – PAGE 7

line of questioning). However, the Court declines to instruct Stoner to inform Dr. Jackson that she does not represent her and is not disinterested in her discovery actions.

## V. THE COURT GRANTS CHILDREN'S HEALTH'S REQUEST FOR AN AWARD OF REASONABLE EXPENSES

Children's Health also requests that the Court award it its reasonable expenses incurred in preparing the motion to compel. Def.'s Mot. Br. 13–14.

Under Rule 37(a), if a court grants a motion to compel discovery, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." FED. R. CIV. P. 37(a)(5)(A). A "finding of bad faith is not a prerequisite for the award of reasonable expenses" under this Rule. *Arch. Granite & Marble, LLC v. Pental*, 2023 WL 121996, at *3 (N.D. Tex. 2023). However, a court must not award expenses if "the opposing party's nondisclosure, response, or objection was substantially justified" or "other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(a)(5)(A)(ii)–(iii).

Here, the Ayangbiles have not rebutted the payment presumption because they have not identified any special circumstances that would render an award of reasonable expenses unjust. The delays in discovery caused by the Ayangbiles and their counsel are not substantially justified, and Children's Health has experienced prejudice due to these delays. *See, e.g.*, *Dondi Props. Corp. v. Com. Sav. & Loan Ass'n*, 121 F.R.D. 284, 286 (N.D. Tex. 1988) ("[J]ustice delayed, and justice obtained at excessive cost, is often justice denied.").

Accordingly, the Court orders the Ayangbiles to pay Children's Health's reasonable expenses, including attorney's fees, incurred in making the motion to compel.

## CONCLUSION

For the foregoing reasons, the Court grants Children's Health's motion to compel and orders Dr. Jackson to produce all documents in her possession, custody, or control that are responsive to the Subpoena within three (3) days of this Order. Then, the Court directs Stoner not to make speaking objections in depositions in this case and not to instruct deponents not to answer questions unless a situation listed in Rule 30(c)(2) of the Federal Rules of Civil Procedure applies. Further, the Court grants Children's Health's request for the Ayangbiles to pay its reasonable expenses, including attorney's fees, incurred in making the motion to compel. The Court directs Children's Health to file a request for an award of reasonable expenses within fourteen (14) days of this Order and the Ayangbiles to file any objections within seven (7) days of Children's Health's filing of its request.

Signed July 8, 2025.

_____
David C. Godbey
Chief United States District Judge