IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CAROL AYANGBILE, and CYRIL AYANGBILE,<br>　　　　Plaintiffs,<br><br>v.<br><br>CHILDREN'S HEALTH SYSTEM OF TEXAS,<br>　　　　Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 3:24-CV-1075-N-BW |

## MEMORANDUM OPINION AND ORDER

Counsel for Plaintiffs Carol Ayangbile and Cyril Ayangbile, Sarah Tomiyo Stoner, filed a Motion to Withdraw as Plaintiff's Counsel on September 29, 2025. (Dkt. No. 79.) On October 3, Plaintiffs submitted a pro se filing supporting her withdrawal (Dkt. No. 82), and Defendant Children's Health System of Texas filed a response in opposition (Dkt. No. 80). Stoner filed a reply on October 14. (Dkt. No. 86.) The Court held a hearing on the motion to withdraw and other pending motions on October 24. (Dkt. No. 91.) Carol Ayangbile read at the hearing a statement on the matter of withdrawal, which Plaintiffs have since filed on the docket. (Dkt. No. 90.)

"An attorney may withdraw from representation only upon leave of the court and a showing of good cause and reasonable notice to the client." *White v. BAC Home Loans Servicing, LP*, No. 309-CV-2484-G, 2010 WL 2473833, at *1 (N.D. Tex. June 15, 2010) (quoting *Matter of Wynn*, 889 F.2d 644, 646 (5th Cir. 1989)). Additionally, under N.D. Tex. L. Civ. R. 83.12(a), an attorney filing a motion to

-1-

withdraw from representing a party must specify reasons requiring withdrawal and, if a succeeding attorney is not known, provide the name and contact information for the client and either provide a client's signature consenting to withdrawal or state specifically why, after due diligence, the attorney was unable to obtain the client's signature.

 Stoner has shown good cause for withdrawing from representing the Ayangbiles. She reports that serious differences have developed between her and her clients concerning the conduct of discovery, settlement, trial strategy, and other matters, and she indicates that the Ayangbiles have lost trust in her as counsel. (Dkt. No. 79.) The Ayangbiles' filings corroborate this, as they report that "the attorney-client relationship between Plaintiffs and current counsel has broken down," and they believe Stoner's continued representation is not in their best interest. (Dkt. No. 82 at 1.)[1] Additionally, the Court has admonished the Ayangbiles and Plaintiffs' counsel for unacceptable conduct in discovery (*see, e.g.*, Dkt. No. 57 at 8), and there are motions pending alleging that the Ayangbiles have not fulfilled their discovery obligations, including accusations of bad faith conduct (*see* Dkt. Nos. 50, 76). Statements made by Stoner and the Ayangbiles at the October 24 hearing and their related filings lead the Court to believe that the reasons underlying these motions is a matter of irreconcilable disagreement between attorney and clients and has spurred a

---

[1] The Court rejects the Ayangbiles' assertion that Stoner's marriage to an attorney who practices at a large law firm that has represented Children's Health in unrelated matters constitutes a conflict of interest that requires her withdrawal from this case. (*See* Dkt. No. 82 at 2.)

complete breakdown in the attorney-client relationship. The Court finds that good cause for withdrawal exists.

"[E]ven where good cause for withdrawal exists, it is 'incumbent on the court to assure that the prosecution of the lawsuit before it is not disrupted by the withdrawal of counsel.'" *Denton v. Suter*, No. 3:11-CV-2559-N, 2013 WL 5477155, at *2 (N.D. Tex. Oct. 2, 2013) (quoting *Broughten v. Voss*, 634 F.2d 880, 882 (5th Cir. 1981)). This assessment requires the consideration of additional factors, including "(1) the extent to which the attorney's withdrawal will delay or disrupt the case; (2) the length of time for which the case and any dispositive motions have been pending; (3) the time it would take and the financial burden it would impose on the client to find new counsel; (4) the financial burden the attorney would suffer if not allowed to withdraw; (5) prejudice to the other parties; and (6) whether withdrawal will harm the administration of justice." *Id.* (quoting *White*, 2010 WL 2473833, at *3).

Having considered these factors and the particular circumstances of this case, the Court concludes that they do not warrant the denial of Stoner's motion. The case has been stayed while the Court resolves pending motions, including one requesting the dismissal of this action with prejudice based on alleged bad-faith discovery violations. To the extent the orderly progression of this case has been disrupted, Stoner's withdrawal appears to be a result rather than a cause for that disruption. The stay mitigates to a considerable extent any prejudice to Children's Health that might result from the withdrawal. Additionally, the Court considers that

the Ayangbiles wholly support Stoner's withdrawal and do not wish for her to continue representing them in this matter.

Although the Court finds that counsel's withdrawal is warranted, it notes that the motion is lacking in one respect. Under N.D. Tex. L. Civ. R. 83.12(a), when the succeeding attorney is unknown, a motion to withdraw must "set forth the name, address, and telephone number of the client" and bear the client's signature. The Court excuses the absence of the Ayangbiles' signatures in light of their filings supporting withdrawal. But the motion is lacking in its failure to include the address and telephone numbers for Plaintiffs. The Court requires Stoner to remedy this upon her withdrawal.

For these reasons, the Motion to Withdraw (Dkt. No. 79) is **GRANTED**. Attorney Sarah Tomiyo Stoner is **ORDERED** to cause a copy of this order to be served on Plaintiffs Carol and Cyril Ayangbile. No later than **November 19, 2025**, Stoner must file a notice confirming such service and also notify the Court and Children's Health of Plaintiffs' current addresses and contact information. Once Stoner has done so, she is granted leave to withdraw as counsel for Plaintiffs Carol and Cyril Ayangbile and is discharged from any further responsibilities in this case.

**SO ORDERED** on November 10, 2025.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE